

U.S. DIST...
E... DISTRICT OF L...
FILED  SEP 21 20..
...RETTA G. WHI...

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JODI LADNER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-3198-LMA-SS** |
| **KEVIN P. RODRIGUE, et al** | |

### ORDER

DEFENDANTS' MOTION TO QUASH NOTICE OF DEPOSITION, NOTICE TO PRODUCE AND SUBPOENA (Rec. doc. 22)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendants, Kevin Rodrigue ("Rodrigue") and St. Paul Travelers Insurance Company ("Travelers"), who seek relief from discovery sought by the plaintiff, Jodi Ladner ("Ladner"). Ladner alleges that she is the widow of Shane Ladner, who was a guest passenger in a car driven by Rodrigue on December 5, 2003 in Thibodaux when there was a single vehicle accident and Shane Ladner was killed. She alleges that the accident was caused by Rodrigue operating the vehicle at more than 90 mph while intoxicated. Pursuant to La. Civ. Code Ann. art. 2415.4, she seeks exemplary damages for Rodrigue's wanton and reckless disregard for the safety of others while operating the vehicle in an intoxicated condition. Rec. doc. 1.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

On March 25, 2004, Rodrigue's plea of <u>nolo contendere</u> (the "nolo plea") to negligent homicide was accepted. Pursuant to the plea agreement, a five year sentence at hard labor was suspended and he was placed on two years of supervised probation, including six months of home incarceration with electronic monitoring. He was ordered to appear at the Thibodaux Addictive Disorders Clinic ("Clinic) for an evaluation and to follow any recommended course of treatment. Rec. doc. 25, exhibits 6 and 9. On June 30, 2004, Paul Ganier, PhD., a licensed professional counselor, reported that he treated Rodrigue from April 27, 2004 to May 18, 2004 and that he successfully completed a course of substance abuse and mental health counseling treatment. Rec. doc. 25, exhibit 8.

Ladner seeks documents related to the evaluation and treatment of Rodrigue's substance related disorder from January 1996 to the present, his evaluation and treatment at the Clinic, and an executed HIPPA-compliant medical authorization. She also states that she intends to question Rodrigue about his nolo plea. Rodrigue and Travelers contend that his substance abuse records are privileged and good cause does not exist for their production. They urge that Ladner should not be permitted to question him regarding the nolo plea, the associated sentence and any details regarding the sentence.

The first issue is whether Rodrigue's evaluation and treatment for substance abuse and the nolo plea are relevant to the parties' claims and defenses. Fed. R. Civ. P. 26(b)(1). The defendants argue that the treatment records for substance abuse before or after the accident are not relevant to Ladner's claim. Rec. doc. 22 at p. 9. They urge that only Rodrigue's blood alcohol level at the time of the accident is relevant and this is available through the fatality report, the testimony of the

2

investigating officer, and the results of a blood alcohol test. Ladner argues that the information is relevant to the claim for exemplary damages.

Civil Code Article 2315.4 provides that, "[i]n addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." There are three elements to the claim: (1) intoxication; (2) wanton and reckless disregard; and (3) cause-in-fact. Dekeyser v. Automotive Casualty Ins. Co., 706 So.2d 676, 684 (La. App. 4th Cir. 1998). The history of Rodrigue's substance abuse is not relevant to whether he was intoxicated at the time of the accident.

In Bourgeois v. State Farm Mutual Auto Ins. Co., 562 So. 2d 1177 (La. App. 4th Cir. 1990), writ denied, 567 So.2d 611 (La. 1990), the court stated:

> Simple proof that a person was driving under the influence of alcohol and that he might have been impaired, by itself, will not always be sufficient to establish the "wanton and reckless" element. The facts and circumstances of each case-including, but not limited to, the defendant's blood alcohol level, evidence of the effect of the alcohol on the specific defendant, and the consequences of the alcohol consumption-must be considered in determining the necessary "wanton and reckless" element.

Id. at 1085. In Blackshear v. Allstate Insurance Co., 647 So.2d 589 (La. App. 3rd Cir. 1994), the court described the proof required for this element.

> To be considered wanton and reckless, typically, the necessary level of conduct is somewhere between an intent to do wrong and mere negligence. Actions knowingly taken which would likely cause injury to another fall within this category. Although no specific conduct by an actor is necessary, a conscious indifference to consequences must be shown. If the actor knows or should know that his actions will cause harm and proceeds anyway, there is a conscious indifference to consequences

3

so that there is a wanton or reckless disregard for the rights and safety of others. Id. at 594-95 (Citations omitted). Evidence of Rodrigue's history of substance abuse prior to the accident may present evidence that is relevant to whether he demonstrated a conscious indifference to the consequence of his conduct in the events leading up to his alleged intoxicated state at the time of the accident. In Angeron v. Martin, 649 So.2d 40, 44 (La. App. 1st Cir. 1994), a nolo plea to a prior DWI charge was admitted. The evidence of the defendant's "knowledge of past acts, and his disregard of the danger in the face of that knowledge is admissible." Id. at 44. These decisions demonstrate that the evidence of the treatment and evaluation of Rodrigue for substance abuse prior to the December 5, 2003 accident is relevant to Ladner's claim. What occurred after the accident is not relevant. To the extent Ladner seeks information concerning Rodrigue's treatment after the accident, including any treatment required by the nolo plea, the defendants' motion will be granted.

Rodrigue argues that Ladner should not be permitted to conduct any examination on any element of the nolo plea, because the plea is inadmissible. Ladner responds that discovery of evidence related to the nolo plea is permissible. The admissibility of the nolo plea will be resolved by the District Court. Except for the treatment required by the nolo plea, Ladner may seek discovery on any issue concerning the plea.

Rodrigue argues that the pre-accident evidence of his treatment and evaluation for substance abuse is confidential. Rodrigue's condition is not confidential. Rather, his plea is a matter of public record. The sentence included the requirements that: (1) he refrain from the consumption of alcohol in any form at any time; (2) he report to the Clinic for an evaluation; and (3) he follow the course of treatment recommended by the Clinic. Rec. doc. 25, exhibit 9.

The only issue is whether the information concerning Rodrigue's evaluation and treatment prior to the accident is protected from disclosure. He relies on the health care provider-patient privilege found in Article 510 of the Louisiana Code of Evidence and the federal Patient Confidentiality Law, 42 U.S.C. § 290dd-2. The Court's jurisdiction over Ladner's claim is based on the diversity of citizenship of the parties and, pursuant to Fed. R. Evid. 501, the issue of the privilege shall be determined in accordance with Louisiana law.

The general rule under Article 510 is that:

> In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.

La. Code Evid. art. 501B(1). There are numerous exceptions to this general rule. For example, there is no privilege when the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial proceeding. Art. 501B(2)(a). The only exception that may be applicable to this proceeding occurs:

> When the communication is relevant to an issue of the health condition of the patient in any proceeding in which the patient is a party and relies upon the condition as an element of his claim or defense. . . .

Art. 501B(2)(c).

The evidence of Rodrigue's evaluation and treatment for substance abuse prior to the accident is relevant to the issue of whether he acted with wanton or reckless disregard for the rights and safety of others. He is a party to this proceeding. The remaining question is whether Rodrigue relies upon the condition as an element of his defense to Ladner's claim that he did not act with

5

wanton or reckless disregard for the rights and safety of others. In defending this claim Rodrigue must present evidence that he did not act with conscious indifference to the consequences of his behavior in the events that led to his alleged intoxicated state at the time of the accident. In the alternative, he must argue that Ladner's evidence is insufficient on this issue and there was no wanton or reckless disregard for the rights and safety of others on his part. Blackshear, 647 So.2d at 594-95. In either case Rodrigue is relying on his health condition as an element of his defense. There is no privilege for the pre-accident evaluation and treatment for Rodrigue's substance abuse.

Ladner seeks an executed HIPPA-compliant medical authorization. The medical authorization must be modified so that it is only applicable to treatment and evaluation for substance abuse for the period from January 1996 through date of the accident in December 2003.

IT IS ORDERED that the defendants' motion to quash, notice of deposition, notice to produce and subpoena (Rec. doc. 22) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 26th day of August, 2005.

SALLY SHUSHAN
United States Magistrate Judge